IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UJU ONUACHI, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04cv220 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| THE ALLIANCE GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on filing no. 31, the Motion for Summary Judgment filed by the defendant, the Alliance Group, Inc. In his complaint, the plaintiff, Uju Onuachi, alleges a claim under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA").

Among other grounds for dismissal, the defendant asserts that the plaintiff's complaint is barred by the applicable statute of limitations. Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), as incorporated into the ADA by 42 U.S.C. § 12117(a), in a "deferral state" such as Nebraska, a claimant must file an administrative charge within 300 days after the occurrence of the alleged unlawful employment practice. See 42 U.S.C. § 2000e-5(e)(1). In other words, 42 U.S.C. § 2000e-5(e)(1) of Title VII and 42 U.S.C. § 12117(a) of the ADA establish a statute of limitations for filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or with an appropriate state or local agency such as the Nebraska Equal Opportunity Commission ("NEOC").

In National Railroad Passenger Corp. v. Morgan, 122 S. Ct. 2061 (2002), the United States Supreme Court explained: "Section 2000e-5(e)(1) ... requires that a Title VII plaintiff file a charge with the Equal Employment Opportunity Commission (EEOC) either 180 or 300 days 'after the alleged unlawful employment practice occurred.'" Id. at 2068. In a

jurisdiction which has a state or local "deferral agency," the deadline is 300, rather than 180, days. The procedures and deadlines for filing an administrative charge under Title VII are made applicable to ADA claims by 42 U.S.C. § 12117(a), which states: "The powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of this title shall be the powers, remedies, and procedures this subchapter provides to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this chapter, or regulations promulgated under section 12116 of this title, concerning employment."

The plaintiff incurred a back injury and had to stop working for medical reasons on August 6 or 8, 1999. After the plaintiff received a medical release to return to work, albeit with restrictions on his physical activity, he reported to work on August 29 or 30, 2001. When the plaintiff returned to work, however, his employer notified him that he was fired. Therefore, the date of the adverse employment action which is the subject of the complaint was no later than August 30, 2001.

The plaintiff did not file an administrative charge with the NEOC until July 8, 2002, and he subsequently amended the charge on September 7, 2002. However, the 300-day limitations period had previously expired on June 26, 2002, i.e., 300 days after the plaintiff's discharge on August 30, 2001.

The Supreme Court has recently emphasized that Title VII bars relief for any discrete act(s) of discrimination which occurred more than 300 days before the filing of a claimant's administrative charge. National Railroad Passenger Corp. v. Morgan, 122 S. Ct. 2061, 2068 (2002): "We hold that the statute precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period." Id. "In the context of a request to alter the timely filing requirements of Title VII, this Court has stated

that 'strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" Id. at 2069-70 (citations omitted). "Title 42 U.S.C. § 2000e-5(e)(1) is a charge filing provision that 'specifies with precision' the prerequisites that a plaintiff must satisfy before filing suit .... A claim is time barred if it is not filed within these time limits." Id. at 2070 (citations omitted).

The same is true under the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. §§ 48-1101 *et seq.* The Nebraska Supreme Court has emphasized that NFEPA should be construed consistently with Title VII. "Since the Nebraska Fair Employment Practice Act is patterned after Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (1988), it is appropriate to consider federal court decisions construing the federal legislation." City of Fort Calhoun v. Collins, 500 N.W.2d 822, 825 (Neb. 1993). As stated, the Title VII deadlines are incorporated into the ADA by 42 U.S.C. § 12117(a), and the plaintiff's complaint is barred as untimely. Therefore, filing no. 31, the defendant's Motion for Summary Judgment, is granted.

THEREFORE, IT IS ORDERED:

1. That filing no. 31, the defendant's Motion for Summary Judgment, is granted;
2. That all other pending motions are denied as moot; and
3. That a separate judgment will be entered accordingly.

DATED this 20th day of April, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge

3